UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID ERIC HAMMER and ANNE
MARIE NEEL HAMMER,

      Plaintiffs,

v.                         Case No. 8:13-cv-1910-T-33AEP

BANK OF AMERICA,

      Defendant.

_____/

**ORDER**

This matter comes before the Court pursuant to the Plaintiffs' Motion for Temporary Restraining Order (Doc. # 3), which was filed on July 24, 2013. The Court denies the Motion for the reasons that follow.

**I.**    **Background**

     **A.**    **The Hammers' Lease Agreement**

According to the Complaint, the Hammers entered into a Residential Lease Agreement with Lawrence Malloy to occupy certain real property in Hillsborough County, Florida located at 1604 Wallace Road, Lutz, Florida 33549. (Doc. # 1 at ¶ 6). The lease agreement, dated May 20, 2008, is before the Court. (Doc. # 1-1). That document states as to the term of the Agreement: "Landlord leases to Tenant and Tenant leases from Landlord the Leased Premises for a term of one month, such term beginning on May 24, 2008, and ending at 12 o'clock

midnight on June 23, 2008.  Thereafter, this Agreement shall automatically renew for additional one-month periods, absent notice by either Party.  If either Party gives notice to the other Party as provided herein, this Agreement shall terminate sixty (60) days following the date of receipt of the notice, and this Agreement shall no longer automatically renew." (<u>Id.</u> at 1).

As to the rental payments, the Agreement specifies that "the rent shall be one thousand dollars per month" but that "tenant may pay rent by repairing or improving the Leased Premises, in lieu of making a payment to Landlord." (<u>Id.</u>). The Hammers contend that as of May 20, 2008, they have "paid in excess of $74,000.00 in maintenance, repairs, and improvements to the Property" and "based on the monthly rental amount, the prepaid rent (through today) serves to extend the lease through July 20, 2014.  Hammers are entitled to occupy the property through and including July 20, 2014." (Doc. # 1 at ¶¶ 11-12).

### B.    <u>Foreclosure and Other State Court Proceedings</u>

The Hammers explain that the Bank foreclosed upon the property on May 6, 2009, and that Malloy filed a Chapter 7 Bankruptcy case in which he abandoned the property. (<u>Id.</u> at ¶¶ 15-16).  On May 19, 2009, the State Court issued a Certificate

2

of Title to the Bank as to the property. (Id. at ¶ 21). On
June 11, 2009, the Bank filed a Motion for Writ of Possession
in State Court. (Id. at ¶ 22). On July 10, 2009, the State
Court granted the Motion for Writ of Possession. (Id. at ¶
24). The Hammers objected and the State Court entered an
Order staying its prior Order granting the Bank's Writ of
Possession. (Id. at ¶ 25). The State Court ordered the
Hammers and the Bank to mediate. (Id. at ¶ 26). The
mediation proceedings were not fruitful. The Hammers offered
to purchase the property, but the Bank rejected their offer.
(Id. at ¶¶ 27-29).

The Bank returned to the State Court, which reissued its
Writ of Possession. (Id. at ¶¶ 30-31). The Hammers appealed,
and the Second District Court of Appeals affirmed. (Id. at
¶ 33). Thereafter, the Bank filed its Second Motion for Writ
of Possession and its Third Motion for Writ of Possession; the
State Court granted both Motions. (Id. at ¶ 35). The Hammers
filed affidavits in opposition to the Bank's submissions,
which the State Court struck from the record upon the Bank's
Motion. (Id. at ¶¶ 35-37). On April 25, 2013, the State Court
issued its Fourth Writ of Possession in favor of the Bank.
(Id. at ¶ 37). The Hammers moved to vacate the Fourth Writ of
Possession, and the State Court denied the Motion. (Id. at

3

¶ 38).

###    C.    **Bankruptcy Filings**

On May 5, 2013, Plaintiff Anne Hammer filed a bankruptcy petition, which stayed the execution of the writs; however, her petition was dismissed on May 21, 2013. (<u>Id.</u> at ¶ 39). On June 21, 2013, Plaintiff David Hammer filed a bankruptcy petition, "which has currently stayed the execution of the writs." (<u>Id.</u> at ¶ 40).

###    D.    **The Present Action**

On July 24, 2013, the Hammers filed the present action in which they seek, among other relief, "a judgment of permanent injunction against the Bank from proceeding further in the Lawsuit in the Florida State Courts to remove the Hammers from the Property until the term of the Lease is concluded." (<u>Id.</u> at ¶ 62).

The Hammers assert that this "Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1337, 1343(a), 1948, 1949, and 1367(a). The federal questions which arise in this case fall under 42 U.S.C. §§ 1983 and 1988, the Fifth and Fourteenth Amendment of the Constitution of the United States of America, and the National Bank Act." (Doc. # 1 at ¶ 4).

In count one, the Hammers indicate: "this is an action against the Bank under the Fourteenth Amendment . . . for

relief as provided by 42 U.S.C. § 1983." (Doc. # 1 at ¶ 44).
In count two, the Hammers seek relief under the federal
Protecting Tenants at Foreclosure Act of 2009.  In count
three, the Hammers seek damages for unjust enrichment.

In conjunction with the filing of their Complaint, the
Hammers also filed a Motion for a Temporary Restraining Order.
(Doc. # 3).  In the Motion, the Hammers request an Order
"restraining Bank of America, its officers, agents, servants,
employees, and attorneys, and all other persons who are in
active concert or participation with them, from taking any
further steps to obtain possession of the real property" as
described in the Complaint. (<u>Id.</u> at 3).

## II.  <u>**TRO Analysis**</u>

A party seeking a Temporary Restraining Order must
establish: "(1) a substantial likelihood of success on the
merits; (2) that irreparable injury will be suffered if the
relief is not granted; (3) that the threatened injury
outweighs any harm relief would inflict on the non-movant; and
(4) that entry of relief would serve the public interest."
<u>Schiavo ex rel. Schindler v. Schiavo</u>, 403 F.3d 1223, 1225-56
(11th Cir. 2005).  As the Plaintiffs, the Hammers bear the
heavy burden of persuasion as to each factor.  <u>Canal Auth. of</u>

<u>Fla. v. Callaway</u>, 489 F.2d 567, 573 (5th Cir. 1974).[1]

**A.    Likelihood of Success on the Merits**

As explained below, the Court determines that the Hammers are unlikely to succeed on the merits of any of their claims. The entry of a TRO is accordingly not warranted.

**1.    Section 1983**

To obtain relief under § 1983, a plaintiff must demonstrate that he was deprived of a federal right by a person acting under color of state law. <u>Patrick v. Floyd Med. Ctr.</u>, 201 F.3d 1313, 1315 (11th Cir. 2000). It has long been recognized that § 1983 is not a source of substantive federal rights. <u>Whiting v. Taylor</u>, 85 F.3d 581, 583 (11th Cir. 1996). Instead, to maintain a § 1983 action, a plaintiff must point to a violation of a specific federal right. <u>Id.</u> Here, the Hammers asserts that the Bank violated their Fourth and Fourteenth Amendment rights.[2]

Generally, the "under color of state law" requirement excludes from § 1983's reach merely private conduct, no matter

---

[1] In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted all cases decided by the Fifth Circuit Court of Appeals prior to the close of business on September 30, 1981, as binding precedent.

[2] The Hammers mention the National Bank Act in the Complaint, but do not appear to allege that the Bank violated such Act.

6

how wrongful. <u>Am. Mfrs. Mut. Ins. Co. v. Sullivan</u>, 526 U.S. 40, 50 (1999). For the Hammers to bring this § 1983 action against the Bank, a private entity, the Hammers must demonstrate that the conduct allegedly causing the deprivation of their Constitutional rights is fairly attributable to the state. <u>Lugar v. Edmondson Oil Co., Inc.</u>, 457 U.S. 922, 937 (1982).

Private parties are state actors for § 1983 purposes "only in rare circumstances." <u>Harvey v. Harvey</u>, 949 F.2d 1127, 1130 (11th Cir. 1992). For the Bank to be deemed a state actor, one of the following conditions must be met:

> (1) The State coerced or at least significantly encouraged the action alleged to violate the Constitution ("State compulsion test"); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ("public function test"); or (3) the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise ("nexus/joint action test").

<u>Rayburn v. Hoque</u>, 241 F.3d 1341, 1347 (11th Cir. 2001). In the context of the present suit, it is unlikely that any these tests for state action can be met. The factual allegations of the Complaint do not show that the Bank performed a traditional State function, that the Bank was coerced by the State in any way, or that the Bank was a joint participant

7

with the State.   Here, the Bank, who owns the real property,

petitioned the State Court for a Writ of Possession, and the

State Court granted the request for a Writ of Possession.

That decision was affirmed on appeal.   The Bank's

participation in a State Court lawsuit to obtain relief

against the Hammers does not translate into the Bank becoming

a § 1983 state actor.   <u>Harvey</u>, 949 F.2d at 1133 ("[U]se of

Courts by private parties does not constitute an act under

color of state law.").[3]   The Hammers' § 1983 claims appear to

be unavailing.

## 2.   <u>Protecting Tenants at Foreclosure Act of 2009</u>

In count two, the Hammers seek relief pursuant to the

Protecting Tenants at Foreclosure Act of 2009.   However, that

Act "does not create a federal private right of action."

<u>Sharique v. Fannie Mae</u>, No. 6:10-cv-1032, 2010 U.S. Dist.

---

[3] Furthermore, to the extent that the Hammers seek an
Order prohibiting the State Court from evicting the Hammers
from the property, it appears that the Rooker Feldman Doctrine
bars this Court's jurisdiction because the Hammers are "state-
court losers complaining of injuries caused by state-court
judgments rendered before the district court proceedings
commenced and inviting district court review and rejection of
those judgments." <u>Hammer v. Haire</u>, 369 F. App'x 989, 991
(11th Cir. 2010)(citing <u>Exxon Mobil Corp. v. Saudi Basic
Indus. Corp.</u>, 544 U.S. 280, 284 (2005)).   Because the Court
does not have access to relevant State Court filings, the
Court cannot make a final determination regarding the
application of the relevant four factors required to apply the
Rooker Feldman Doctrine.

LEXIS 100812, at *6 (M.D. Fla. Aug. 19, 2010); see also Dabney
v. Shapiro & Fishman, LLP, No. 3:11-cv-342, 2012 U.S. Dist.
LEXIS 15873, at *4 (M.D. Fla. Jan. 6, 2012)("Because the PTFA
does not provide a private right of action, this court does
not have jurisdiction over Plaintiff's claim and it must be
dismissed."). Thus, the Hammers also fail to assert a
meritorious claim in count two.

### 3. Unjust Enrichment

It is apparent to the Court that none of the federal
claims asserted are meritorious and the Court declines to
address the merits of the state law unjust enrichment claim.
Even if the state law claim had some merit, it is completely
unrelated to relief requested in the TRO Motion. That is, in
count three, the Hammers request money damages from the Bank
for the improvements that the Hammers allegedly made to the
property. This claim has no bearing on the request for
injunctive relief contained in the TRO Motion, in which the
Hammers request that this Court bar the Bank from taking
possession of the property.

### B. Irreparable Injury

The Hammers fail to establish that irreparable injury
will befall them absent entry of a TRO. In fact, the
pleadings, if taken at their word, show that Mr. Hammer's

9

bankruptcy filing has forestalled the Bank in its efforts to eject the Hammers from the property.  Thus, it appears that injunctive relief from this Court is unnecessary and, if granted, would be redundant due to the ongoing bankruptcy proceedings.  Thus, the Hammers have failed to meet their heavy burden as to this factor.

C.   **Weighing of the Burdens**

The Hammers have failed to address completely the issue of whether the threatened injury of eviction from the property outweighs any harm a TRO would inflict on the Bank.  Thus, the Court determines that the Hammers have failed to meet their burden as to this factor.

D.   **Public Interest**

Additionally, the Hammers have not addressed whether barring the Bank from taking possession of the property would serve the public interest.  Thus, the Court finds that the Hammers have not met their burden as to this final factor.

E.   **Technical Deficiencies**

The Court is also justified in denying the Motion because it fails to comply with the Local Rules and the Federal Rules. The Motion is not signed by the filing parties as required by Rule 11 of the Federal Rules of Civil Procedure.  Furthermore, the Motion fails to comply with the detailed requirements set

forth in Rule 65(b) of the Federal Rules of Civil Procedure.

## III. <u>Conclusion</u>

The Court is ever mindful of the "important distinction between lack of subject matter jurisdiction and the failure to state a claim upon which relief can be granted." <u>Blue Cross & Blue Shield of Ala. v. Sanders</u>, 138 F.3d 1347, 1351 (11th Cir. 1998).  The federal claims asserted in this action, which the Hammers argue support federal question jurisdiction, are teetering on the borderline between meritless and patently frivolous.  <u>See</u> <u>Hagans v. Lavine</u>, 415 U.S. 528, 536 (1976) ("[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion.")(internal citations omitted); <u>see also</u> <u>Baker v. Carr</u>, 369 U.S. 186, 199 (1962)(holding that if jurisdiction is based on a federal question, the plaintiff must show that he has alleged a claim under federal law that is not frivolous).

The Court finds that the Hammers are unlikely to succeed on the merits of their claims, but gives the Hammers the benefit of the doubt by declining to dismiss the action sua sponte for lack of subject matter jurisdiction at this

11

juncture. In light of the Court's determination that the Hammers are unlikely to succeed on the merits of their claims, and after finding that the Hammers have not met their burden of demonstrating the other factors required for granting the extraordinary remedy of a temporary restraining order, the Court denies the Motion.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

The Motion for Temporary Restraining Order (Doc. # 3) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida, this <u>25th</u> day of July, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:  All Parties of Record