```
            UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF FLORIDA
                   TAMPA DIVISION
```

DAVID ERIC HAMMER and ANNE
MARIE NEEL HAMMER,

    Plaintiffs,

v.                          Case No. 8:13-cv-1910-T-33AEP

BANK OF AMERICA, NATIONAL
ASSOCIATION, AS SUCCESSOR BY
MERGER TO LASALLE BANK, NATIONAL
ASSOCIATION, AS TRUSTEE FOR WAMU
2006-AR13, AS A SUCCESSOR BY
ASSIGNMENT FROM WASHINGTON MUTUAL
BANK,

    Defendant.
_____/

## ORDER

This matter comes before the Court pursuant to Defendant Bank of America, N.A.'s Motion to Dismiss Verified First Amended Complaint (Doc. # 14), which was filed on August 12, 2013. Plaintiffs David Hammer and Anne Marie Hammer filed a Response in Opposition to the Motion (Doc. # 17) on August 13, 2013. The Court grants the Motion to Dismiss for the reasons that follow.

**I.  Background**

    **A.  The Hammers' Lease Agreement**

According to the Verified Amended Complaint for Injunctive Relief and Damages, the Hammers entered into a Residential Lease Agreement with Lawrence Malloy to occupy

certain real property in Hillsborough County, Florida located at 1604 Wallace Road, Lutz, Florida 33549. (Doc. # 8 at ¶ 6). The lease agreement, dated May 20, 2008, is before the Court. (Doc. # 8-1).  That document states as to the term of the Agreement: "Landlord leases to Tenant and Tenant leases from Landlord the Leased Premises for a term of one month, such term beginning on May 24, 2008, and ending at 12 o'clock midnight on June 23, 2008.  Thereafter, this Agreement shall automatically renew for additional one-month periods, absent notice by either Party.  If either Party gives notice to the other Party as provided herein, this Agreement shall terminate sixty (60) days following the date of receipt of the notice, and this Agreement shall no longer automatically renew." (Id. at 1).

As to the rental payments, the Agreement specifies that "the rent shall be one thousand dollars per month" but that "tenant may pay rent by repairing or improving the Leased Premises, in lieu of making a payment to Landlord." (Id.). The Hammers contend that as of May 20, 2008, they have "paid in excess of $74,000.00 in maintenance, repairs, and improvements to the Property" and "[b]ased on the monthly rental amount, the prepaid rent (through today) serves to extend the lease through July 20, 2014.  Hammers are entitled

2

to occupy the property through and including July 20, 2014." (Doc. # 8 at ¶¶ 11-12).

**B.    Foreclosure and Other State Court Proceedings**

Washington Mutual Bank filed a State Court foreclosure complaint against Malloy and other "unknown" parties on December 26, 2007. (Id. at ¶ 17). Thereafter, on February 15, 2008, Washington Mutual dropped all "unknown" parties from the foreclosure action. (Id. at ¶ 18). On May 6, 2009, Malloy filed a Chapter 7 Bankruptcy case in which he abandoned the property. (Id. at ¶ 16). On May 19, 2009, the State Court issued a Certificate of Title to Washington Mutual as to the property. (Id. at ¶ 21). On June 11, 2009, Washington Mutual filed a Motion for Writ of Possession in State Court. (Id. at ¶ 22). On July 10, 2009, the State Court granted the Motion for Writ of Possession. (Id. at ¶ 24). The Hammers objected and the State Court entered an Order staying its prior Order granting the Bank's Writ of Possession, pending a hearing on the Hammers' opposition. (Id. at ¶ 25). On September 1, 2009, the State Court held a hearing on the Hammers' opposition, but ultimately ruled against the Hammers. (Id. at ¶ 26). The State Court ordered the Hammers and Washington Mutual to mediate. (Id.). The mediation proceedings were not fruitful. (Id. at ¶¶ 27-29). The Hammers offered to purchase the

3

property, but Washington Mutual rejected the offer. (Id.).

Washington Mutual returned to the State Court, which reissued its Writ of Possession. (Id. at ¶¶ 30-31). The Hammers appealed, and the Second District Court of Appeal affirmed. (Id. at ¶ 33). Thereafter, Washington Mutual filed its Second Motion for Writ of Possession and its Third Motion for Writ of Possession; the State Court granted both Motions. (Id. at ¶ 35). The Hammers filed affidavits in opposition to Washington Mutual's submissions, which the State Court struck from the record upon Washington Mutual's Motion. (Id. at ¶¶ 35-37). On April 25, 2013, the State Court held an ex parte hearing and issued its Fourth Writ of Possession. (Id. at ¶ 37). The Hammers moved to vacate the Fourth Writ of Possession, and the State Court denied the Motion. (Id. at ¶ 38).

**C.   Bankruptcy Filings**

On May 5, 2013, Anne Hammer filed a bankruptcy petition, which stayed the execution of the writs; however, her petition was dismissed on May 21, 2013. (Id. at ¶ 39). On June 21, 2013, David Hammer filed a bankruptcy petition, however, the Bankruptcy Court dismissed his petition on July 24, 2013. (Id. at ¶ 40).

4

### D. The Present Action

On July 24, 2013, the Hammers filed a complaint against Bank of America seeking injunctive relief and damages (Doc. # 1) and also filed a Motion for Temporary Restraining Order. (Doc. # 3). On July 25, 2013, the Court denied the Motion for Temporary Restraining Order. (Doc. # 5). The Hammers filed an Amended Complaint on July 29, 2013. (Doc. # 8).

The Hammers assert that this "Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1337, 1343(a), 1948, 1949, and 1367(a). The federal questions which arise in this case fall under 42 U.S.C. §§ 1983 and 1988, the Fifth and Fourteenth Amendment of the Constitution of the United States of America, and the Protecting Tenants at Foreclosure Act of 2009 (as amended by the Dodd-Frank Wall Street Reform and Consumer Protection Act)." (Doc. # 8 at ¶ 4).

The Amended Complaint contains two counts. In Count I, asserted pursuant to § 1983, the Hammers assert that "the Bank, acting under color of state law, in concert with the Hillsborough County Sheriff's Office" threatens to violate the Hammers' "constitutionally protected property interest in their tenancy" in violation of the Fourteenth Amendment and the Protecting Tenants at Foreclosure Act. (Id. at ¶¶ 44-49). The Hammers seek "a judgment of permanent injunction against

5

the Bank, and anyone acting in concert with the Bank (specifically including the Hillsborough County Sheriff's Office) from proceeding further in the Lawsuit in the Florida State Courts, without Hammers first having the opportunity to present evidence of their property right with notice and the opportunity to be heard, and specifically, the opportunity to defend their property rights under the PTFA." (Id. at ¶ 53).

The Hammers intentionally omit Count II and seek damages for unjust enrichment against Bank of America in Count III. (Id. at ¶¶ 54-60). Bank of America seeks dismissal of the action pursuant to Rule 12(b)(1), Fed. R. Civ. P., under the Rooker Feldman doctrine and also seeks dismissal of the Hammers' claims for failure to state a claim pursuant to Rule 12(b)(6), Fed. R. Civ. P.

## II. Legal Standard

### A. Rule 12(b)(1)

Federal courts are courts of limited jurisdiction. "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292,

6

1299 (11th Cir. 2001).

Motions to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) may attack jurisdiction facially or factually. Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003). When the jurisdictional attack is factual, as in the instant case, the Court may look outside the four corners of the complaint to determine if jurisdiction exists. Eaton v. Dorchester Dev., Inc., 692 F.2d 727, 732 (11th Cir. 1982). In a factual attack, the presumption of truthfulness afforded to a plaintiff under Fed. R. Civ. P. 12(b)(6) does not attach. Scarfo v. Ginsberg, 175 F.3d 957, 960 (11th Cir. 1999)(citing Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990)). Because the very power of the Court to hear the case is at issue in a Rule 12(b)(1) motion, the Court is free to weigh evidence outside the complaint. Eaton, 692 F.2d at 732.

**B.   Rule 12(b)(6)**

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of

7

Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.").

However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). In addition, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Furthermore, "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

**III. Analysis**

    **A.   Rooker Feldman Doctrine**

In Hammer v. Haire, 369 F. App'x 989 (11th Cir. 2010), the court set forth four criteria that must be established in order for the Rooker Feldman doctrine to bar federal court jurisdiction:

> (1) the party in federal court is the same as the

8

>   party in state court; (2) the prior state court ruling was a final judgment on the merits; (3) the party seeking relief in federal court had a reasonable opportunity to raise his federal claims in the state court proceeding; and (4) the issue before the federal court was either adjudicated by the state court or was inextricably intertwined with the state court's judgment.

Id. at 990-91.[1]

The Supreme Court explained in Exxon Mobil Corp. v. Saudi Basic Industries, Corp., 544 U.S. 280 (2005), that the Rooker Feldman doctrine is limited to actions "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Id. at 284.

On July 25, 2013, this Court entered a detailed Order denying the Hammers' Motion for Temporary Restraining Order. (Doc. # 5). Therein, this Court suggested that the Rooker Feldman doctrine may apply to defeat the Court's jurisdiction, as the Hammers appear to be petitioning this Court for relief from the State Court's final decree. However, this Court specifically noted: "because the Court does not have access to

---

[1] The Rooker Feldman doctrine is based on the holdings of two Supreme Court decisions: Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

9

relevant State Court filings, the Court cannot make a final determination regarding the application of the relevant four factors required to apply the Rooker Feldman doctrine." (Id. at 8, n.3).

At this juncture, Bank of America seeks an Order pursuant to Rule 12(b)(1), Fed. R. Civ. P., applying the Rooker Feldman doctrine, yet the Bank has not supplied the Court with arguments addressing the four governing Rooker Feldman factors.  Nor has the Bank supplied relevant State Court documents evidencing its contention that the Rooker Feldman doctrine should apply here to defeat the Court's jurisdiction.

The Hammers assert that they "were not parties to the state court action" in which Washington Mutual sought to foreclose on the real property (Doc. # 17 at 9) and also argue that they were not given an opportunity to be heard in the State Court because that Court struck their affidavits and held an ex parte hearing resulting in the issuance of the Fourth Writ of Possession. (Id. at 3).  Bank of America has not adequately addressed these arguments.

The Court notes that the State Court action was not a simple, single plaintiff, single defendant case in which there was a clear winner and a clear loser.  The State Court foreclosure Complaint names the Plaintiff as Washington Mutual

10

Bank and the "Defendant(s)" as "Lawrence E. Malloy; Unknown Parties in Possession #1; Unknown Parties in Possession # 2; If living, and all Unknown Parties claiming by, through, under and against the above named Defendant(s) who are not known to be dead or alive, whether said Unknown Parties may claim an interest as Spouse, Heirs, Devisees, Grantees, or Other Claimants." (Doc. # 14-1). In contrast, in this action, the Hammers sue Bank of America.

Furthermore, when the State Court foreclosure complaint was filed in 2007, the Hammers had yet to begin their tenancy. Although the Hammers certainly became involved in the State Court foreclosure action at some point in time, the Court cannot say with certainty that they were "parties" for the purpose of applying the Rooker Feldman doctrine because Washington Mutual specifically "dropped" all "unknown" parties in the State Court proceedings. Although Washington Mutual's notice dropping unknown parties was filed three months before the Hammers began their tenancy, it does not appear that the Bank later amended the foreclosure complaint to include the Hammers as Defendants after the Bank learned of the Hammers' tenancy. There are no State Court documents before this Court referencing the Hammers. In addition, it appears that the single specifically named Defendant in the State Court action,

11

Malloy, abandoned his interest in the property prior to the resolution of the case.

The Hammers also raise the issue of whether they were precluded from bringing their current claims in State Court by contending that the State Court issued its Fourth Writ of Possession after conducting an ex parte hearing and after striking the Hammers' affidavits. No transcripts, State Court Orders, or even summaries of the arguments presented at the State Court level are before the Court. This Court is not in a position to hypothesize about what the Hammers did argue, or what they could have argued, in State Court. As stated in Wood v. Orange County, 715 F.2d 1543, 1547 (11th Cir. 1983), "the Rooker bar can apply only to issues that the plaintiff had a reasonable opportunity to raise." Bank of America has not sufficiently addressed this contention. Instead, Bank of America summarily asserts that the Rooker Feldman doctrine applies because Washington Mutual filed a Notice of Lis Pendens during the State Court proceedings. The Court rejects the Bank's conclusory argument.

The Supreme Court has cautioned that the Rooker Feldman doctrine occupies "narrow ground," Exxon, 544 U.S. at 284, and the Eleventh Circuit has described the Rooker Feldman doctrine as a "limited" and "extremely narrow exception[] to the

12

federal courts' virtually unflagging duty to adjudicate claims within their jurisdiction." Green v. Jefferson County Comm'n, 563 F.3d 1243, 1245 (11th Cir. 2009). Because Bank of America has not provided analysis of the four Rooker Feldman factors and has not supplied this Court with State Court documentation in relation to the governing factors, the Court declines to apply the Rooker Feldman doctrine.

**B.    Rule 12(b)(6) Analysis**

   **1.    Section 1983 (Count I)**

To obtain relief under § 1983, a plaintiff must demonstrate that he was deprived of a federal right by a person acting under color of state law. Patrick v. Floyd Med. Ctr., 201 F.3d 1313, 1315 (11th Cir. 2000). It has long been recognized that § 1983 is not a source of substantive federal rights. Whiting v. Taylor, 85 F.3d 581, 583 (11th Cir. 1996). Instead, to maintain a § 1983 action, a plaintiff must point to a violation of a specific federal right. Id. Here, the Hammers asserts that Bank of America violated rights secured by the Fourteenth Amendment and by the Protecting Tenants at Foreclosure Act.

Generally, the "under color of state law" requirement excludes from § 1983's reach merely private conduct, no matter how wrongful. Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S.

40, 50 (1999). For the Hammers to bring this § 1983 action against the Bank, a private entity, the Hammers must demonstrate that the conduct allegedly causing the deprivation of their Constitutional rights is fairly attributable to the state. Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 937 (1982).

Private parties are state actors for § 1983 purposes "only in rare circumstances." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). For the Bank to be deemed a state actor, one of the following conditions must be met:

> (1) The State coerced or at least significantly encouraged the action alleged to violate the Constitution ("State compulsion test"); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ("public function test"); or (3) the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise ("nexus/joint action test").

Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001). The Hammers do not plead, nor can they plausibly demonstrate, that any of these tests for state action can be met. The factual allegations of the Amended Complaint do not show that the Bank performed a traditional State function, that the Bank was coerced by the State in any way, or that the Bank was a joint

14

participant with the State.[2] Here, the Bank, who owns the real property, petitioned the State Court for a Writ of Possession, and the State Court granted the request for a Writ of Possession. That decision was affirmed on appeal. The Bank's participation in a State Court lawsuit to obtain relief against the Hammers does not translate into the Bank becoming a § 1983 state actor. Harvey, 949 F.2d at 1133 ("[U]se of Courts by private parties does not constitute an act under color of state law."). The Hammers' § 1983 claim is subject to dismissal. As any amendment of this claim would be futile, the Court dismisses this claim with prejudice.

### 2. Unjust Enrichment (Count III)

The Court has dismissed the Hammers' federal claim asserted in Count I with prejudice and declines to exercise jurisdiction over the Hammers' state law claim asserted in Count III. The Eleventh Circuit has explicitly advised that a district court is well within its discretion to dismiss state law claims once the basis for original federal court jurisdiction no longer exists. Nolin v. Isbell, 207 F.3d

---

[2] Under the joint action test, "the governmental body and the private party must be intertwined in a symbiotic relationship." Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001). That relationship "must involve the specific conduct of which the plaintiff complains." Id.

15

1253, 1258 (11th Cir. 2000); see also Rep. of Panama v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935, 951 n.26 (11th Cir. 1997)("After dismissing Panama's federal claims against . . . the defendants, the district court correctly dismissed its remaining state law claims."); Rice v. Branigar Org., Inc., 922 F.2d 788, 792 (11th Cir. 1991)(recognizing that a trial court's decision to exercise pendant jurisdiction over state law claims is discretionary).

**IV. Conclusion**

It is apparent to the Court that the Hammers' § 1983 claim is unavailing, and the Court declines to address the merits of the state law unjust enrichment claim. The Court dismisses the Amended Complaint without leave to amend after determining that further amendment of the Complaint would be futile. The Court previously entered an Order identifying deficiencies in the Hammers' Complaint and explaining the requirements for pleading a § 1983 action, specifically with regard to "state action." (Doc. # 5). Rather than conforming their pleading accordingly, the Hammers filed an Amended Complaint (Doc. # 8) containing allegations nearly identical to those which the Court previously characterized as deficient. The Court also notes that the Hammers have already had the opportunity to amend their Complaint once, and have

16

not requested leave to amend the Complaint in response to the Bank's Motion to Dismiss.  Thus, the Court dismisses the Amended Complaint without leave to amend and instructs the Clerk to close the case.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Bank of America, N.A.'s Motion to Dismiss Verified First Amended Complaint (Doc. # 14) is **GRANTED**.

(2) The Clerk is directed to terminate all pending motions and to close the case.

**DONE** and **ORDERED** in Tampa, Florida, this <u>3rd</u> day of January, 2014.

                                                  VIRGINIA M. HERNANDEZ COVINGTON
                                                    UNITED STATES DISTRICT JUDGE

Copies to:  All Parties of Record